**In the Matter of Roger GATES and Mae Emma Gates, Debtors.**

**Bankruptcy No. 83–00675A.**

United States Bankruptcy Court, N.D. Georgia.

July 20, 1983.

Thomas E. Prior, McCalla, Raymer, Radrick, Cobb & Nichols, Atlanta, Ga., for creditor.

Paul T. Robinson, Atlanta, Ga., for debtors.

## ORDER DENYING CONFIRMATION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The confirmation hearing on the above case took place before this court on June 16, 1983 at which time the court considered the objection to confirmation of the Lomas & Nettleton Company, the servicer of the mortgage on the debtors' residence held by Federal National Mortgage Association, and after considering certain evidence and arguments of counsel, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The court finds that on August 31, 1982 the debtors herein filed a Chapter 13 petition, No. 82–04076A, which resulted in an automatic stay under 11 U.S.C. § 362(a) stopping a foreclosure sale by Federal National Mortgage Association set for the first Tuesday in September, 1982. At the time of this filing the debtors were six months in arrears on the mortgage debt. This Chapter 13 case was dismissed by order dated October 4, 1982 for failure to file all documents required to complete the debtors' Chapter 13 petition as required by Bankruptcy Rule 108(b).

After Case No. 82–04076A was dismissed, the subject deed to secure debt was placed back into foreclosure for a December 1982 sale. On November 29, 1982, just preceding the foreclosure date on the first Tuesday in December, the debtors again filed a Chapter 13 petition initiating Case No. 82–05659A which again served to enjoin Federal National Mortgage Association from completing the foreclosure. The skeleton petition was not completed as required by Bankruptcy Rule 108, so this second Chapter 13 case was dismissed on February 1, 1983 for the same reason the first case was dismissed.

On February 15, 1983 the debtors filed the instant Chapter 13 case, No. 83–00675A. The automatic stay of § 362(a) in this third Chapter 13 filing again enjoined Federal National Mortgage Association from completing a foreclosure scheduled for April, 1983.

Between the first and third Chapter 13 filings described above, six mortgage payments came due but debtors failed to make

any of said payments as promised and required under their Chapter 13 plans. Section 1322(2) and (5) provides that the rights of secured claims on the principal residence of the debtors may not be modified and that the plan shall pay the current monthly payments as they become due during the pendency of the Chapter 13 case.

### CONCLUSIONS OF LAW

Confirmation of this plan is denied and the stay is terminated. In view of the prior history of the debtor showing an inability to perform under a Chapter 13 plan and to pay this mortgage creditor on debtors' principal residence the post-petition monthly payments as they become due, it shall be presumed that a dismissal of this Chapter 13 case by the debtor before the date of foreclosure and an immediate filing of another Title 11 petition prior to foreclosure date would be for the sole purpose of obtaining an automatic stay and thwarting foreclosure and not for the good faith purpose of filing of a plan and paying this creditor the post-petition arrearage which has accrued during the pendency of this case.

A dismissal of this Chapter 13 case cannot terminate the effect of this dismissal and consequent relief from stay order. This order is res judicata between this creditor, debtor and this real property. It shall continue, after the dismissal of the Chapter 13 case, to bind the rights of the parties to this stay proceeding until and unless modified by a subsequent order following a motion to modify and a hearing.

Therefore, under authority of 11 U.S.C. § 105(a), the court herewith issues a stay to enjoin the debtor from taking any action to obtain a new automatic stay against this creditor, including the filing of any Title 11 petition, without first filing a motion to this court to modify this order and to obtain a § 362(a) stay. This case shall not be dismissed by the Clerk of Court prior to 90 days from this date to permit this mortgage creditor to effect foreclosure in absence of the stay. The Clerk shall not accept another petition from this debtor unless accompanied by the full schedules and plan and a motion for a stay.

In any such motion to obtain a modification of this order for relief from the stay and a new stay, the court requires a showing that the debtor has sufficient funds to cure the deficiency that has caused dismissal of this and prior cases.

Such motion shall be accompanied by an affidavit and budget showing a satisfactory financial capacity of the debtor to cure the pre-petition arrearage within a reasonable period and otherwise comply with the plan including the payment of future monthly payments to this mortgagee.