**In the Matter of Frank & Lenora STEIN, Debtors.**

**Bankruptcy No. 83–729.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 2, 1983.

**522**

David McEwen, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., Trustee.

## ORDER ON APPLICATION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case filed by Frank Stein and Lenora Stein, his wife who filed their petition for relief on April 22, 1983. The petition was accompanied by their Chapter 13 plan which provided, inter alia, that all priorities established under § 507 of the Code shall be paid in full, also all general unsecured creditors whose claims are allowed shall be paid in full. An attachment to the plan also made some provisions for secured creditors.

The schedule of liabilities submitted by the Debtors indicates that Glendale Federal Savings & Loan is a holder of the mortgage on their principal residence on which there is a principal indebtedness due of $103,-393.83; that the Debtors are indebted to Government Employees Corporation by virtue of a final judgment in the amount of $69,810.20; that Atlantic Sandblasting Coating, Inc. holds a mortgage on the residence of the Debtors in the amount of $68,253.87; that the Debtors are indebted to the Carrollwood Village Homeowners Association (Association) in the amount of $1,716.45, a claim which is secured by a lien on the property; and lastly, they are indebted to Lakeland Ford Company in the amount of $8,500.64 based on a judgment entered in favor of the creditor and against the Debtors. The schedules indicated a total secured indebtedness in the principal amount, without interest and costs, $251,-674.99. The schedules submitted by the Debtors failed to list any unsecured obligations and appears they have none.

According to the Chapter 13 statement submitted by the Debtors, Frank Stein is the president of Atlantic Business Systems and is compensated at the rate of $72,000 a year. The Chapter 13 statement indicates that Lenora Stein, his wife, has no earnings. It further appears from the record that on May 11, 1983, the Debtor filed an amendment to their Chapter 13 statement and for the first time indicated as an asset a common stock in the Atlantic Business Systems, Inc. valued at $1,000.

On May 20, 1983, the Debtors filed their first amended plan and on May 25, 1983, the Trustee requested a confirmation hearing to be scheduled and submitted an unfavorable recommendation indicating that the plan should not be confirmed. The matter was scheduled for confirmation hearing to be held on June 27, 1983. On June 28, 1983, Atlantic Sandblasting and Coating filed an objection to confirmation as did the Carrollwood Village Homeowners Association. On July 19, 1983, this Court entered an order and denied confirmation of the plan, but granted the Debtors 30 days to file an amended plan. On August 18, 1983, the Debtors filed a second amendment to their Chapter 13 statement and revealed for the

first time that the wife is also employed and receives an annual compensation of $16,800 from the same corporation by whom her husband, Frank Stein, is employed as president. The Debtors also submitted their third amended plan.

On August 19, 1983, Atlantic Sandblasting and Coating, Inc. filed the present matter under consideration, an application to dismiss the entire Chapter 13 case. On August 26, 1983, the Debtors submitted their fourth amended plan and also submitted a third amended Chapter 13 statement. On August 26, the Trustee requested the scheduling of the confirmation hearing and submitted a favorable recommendation. The matter was rescheduled for confirmation hearing, but before the scheduled hearing the Association filed its renewed objection to confirmation to the Debtors' fourth amended plan. The objection is based on the contention that the fourth amended plan violates the provisions of 11 U.S.C. § 1322(b)(2) by attempting to modify the rights of holders of secured claims secured only by the principal residence of the Debtors. In addition, it is the contention of the Association that the fourth amended plan does not comply with § 1325(a)(5)(B) by failing to provide, inter alia, that the holder of the secured claim of the Association shall retain the lien securing its claim and that the holder will receive, under the plan, the present value of its claim. In addition it is contended that the plan is not feasible because the Debtors will not be able to make all the payments under this fourth amended plan.

At the duly scheduled confirmation hearing it was urged, again, by Atlantic that the case shall be dismissed because it was not filed in good faith and in addition, according to Atlantic, the Debtors violated several provisions of the Code by failing to fully disclose all of their assets. Considering these various contentions advanced by Atlantic and the Association, it is well to state at the outset that in enacting Chapter 13, Congress did not intend to create a blank check permitting a debtor to deal with his creditors as he sees fit. *In re*

*McClaflin,* 13 B.R. 530 (Bkrtcy.N.D.Ill.1981). The Debtors' proposal must be an honest effort free of any design to obtain an unconscionable advantage over the creditors. *Ford Motor Credit Co. v. Jenkins (In re Jenkins),* 20 B.R. 642 (D.C.E.D.Ark.1982). Furthermore, the Code requires that the plan be submitted in good faith. Congress refused to define the term "good faith," but it has been generally recognized that the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provision purpose and spirit of the Chapter. 9 *Collier on Bankruptcy,* ¶ 9.20 at 319 (14th ed. 1978); cited in *In re Estus,* 695 F.2d 311 at 316 (8th Cir.1982); *Deans v. O'Donnell,* 692 F.2d 968 at 972 (4th Cir.1982); *In re Rimgale,* 669 F.2d 426 at 431 (7th Cir.1982). Many factors should be considered in determining whether or not the plan conforms to the purpose and spirit of Chapter 13. Among the relevant factors to be considered is the Debtors' sincerity and motivation in seeking relief under Chapter 13. *Kitchens v. Georgia Railroad Bank and Trust Co. (In re Kitchens),* 702 F.2d 885 (11th Cir.1983). If the Debtors' motives are questionable, the Court should examine the circumstances and withhold confirmation if there are unmistakable manifestations of bad faith, whether those manifestations are overt or implied. *In re Leal,* 7 B.R. 245 (Bkrtcy.D. Colo.1980).

If the sole purpose of a debtor in submitting a plan is to forestall and preclude a mortgage foreclosure on the debtor's residential property in a Chapter 13 case, the plan must fail. The Chapter was designed for the purpose of enabling a financially distressed individual debtor with regular income to adjust his debts through an extension or a composition plan funded by the future income of the Debtor. While Chapter 13 plans may deal with secured and unsecured debts generally, it cannot alter or modify the rights of a creditor holding a claim secured only by a security interest interest in real property; that is, the debtor's principal residence, § 1322(b)(2). If the sole purpose of a Chapter 13 plan is to

restructure the claims of secured creditors in general, the plan is not serving a legitimate end. *In re Anderson,* 3 B.R. 160 (Bkrtcy.S.D.Cal.1980).

■ As noted earlier, these Debtors do not have any unsecured debts. It is obvious that the entire scheme was designed by the Debtors for the purpose of adjusting and modifying the rights of secured creditors, secured solely by the principal residence of the Debtors and to frustrate their efforts to enforce their valid liens against the property in question. Although the Chapter 13 scheme permits the Debtors to deal, to a limited extent, with mortgage liens secured solely by the principal residence of the Debtors, it does not permit the modification and alteration of their rights, but envisions only a curing of arrearages and reinstating the mortgage.

Initially, the several plans submitted by these Debtors attempted to do just that and that was one of the reasons of course that all initial plans were rejected. The last, or the fourth amended, plan submitted by the Debtors attempts to do nothing but cure the arrearages, however, in light of the fact that they have no unsecured creditors, it is clear again that it is not a bona fide effort to utilize the beneficial provisions of this Chapter, but rather an attempt to frustrate secured creditors. Clearly, this was not one of the recognized purposes for which Congress created the liberal provisions of this Chapter. Moreover, this Court is satisfied that the repayment scheme proposed by the Debtors in the fourth amended plan is not feasible.

For the reasons stated, this Court cannot confirm this plan and since it is satisfied that the Plan was not proposed in good faith, a dismissal of this Chapter 13 case is proper.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application to Dismiss the Chapter 13 case filed by Atlantic Sandblasting Coating, Inc. be, and the same hereby is, granted and the Chapter 13 case be, and the same hereby is, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing it is unnecessary to rule on the objection to the confirmation filed by Carrollwood Village Homeowners Association. It is further

ORDERED, ADJUDGED AND DECREED that the trustee heretofore appointed in this case be, and the same hereby is, discharged and relieved of any further duties. It is further

ORDERED, ADJUDGED AND DECREED that the Clerk of the Bankruptcy Court is hereby directed to send notice to all creditors and interested parties of the entry of this Order.