In re Susan K. POSTON, Debtor.

Bankruptcy No. 87–02052.

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

July 8, 1987.

Rob Blue, Jr., for Walter Parker, Jr.

Jerry W. Gerde, Panama City, Fla., for debtor.

William M. Atkinson, Jr., Panama City, Fla., Trustee.

## ORDER ON MOTION TO DISMISS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard on the Motion to Dismiss Petition for Relief Under Chapter 13 filed by Walter T. Parker, Jr., the holder of a mortgage on a parcel of real property owned by the debtor and her husband. The Court, having considered the motion, the pleadings filed in this case and having heard argument of counsel, makes the following findings of fact and conclusions of law.

The debtor filed this Chapter 13 case on March 31, 1987, the same day that a foreclosure sale of the property subject to the mortgage in favor of Mr. Parker was scheduled to be held. The filing of the petition for relief stayed the sale. 11 U.S.C. § 362(a). The debtor did not file her Chapter 13 plan with the petition and on April 27, 1987, this Court ordered the debtor to show cause why the case should not be dismissed for failure to file a plan within the time prescribed by Bankruptcy Rule 3015. The debtor's plan was thereafter filed on May 4, 1987. This motion to dismiss was filed on May 22, 1987.

The plan submitted by the debtor proposes nothing more than to attempt to sell the property which was to be sold pursuant to the judgment of foreclosure and to pay Mr. Parker in full from the proceeds of the sale. There are no unsecured debts listed in the schedules and the debtor proposes to leave the other secured creditors unaffected. The plan does not provide for any payments from future earnings and it does

not provide for any payments to Mr. Parker prior to the sale of the property.

The plan submitted by the debtor does not comply with the provisions of § 1322 of the Bankruptcy Code and thus, would not be confirmed by this Court. It makes no provision for the submission of future earnings or income to the supervision of the trustee. § 1322(a)(1). It is clear that the sole purpose of the plan is to delay and frustrate the efforts of a single secured creditor in the enforcement of his lien rights. There is no provision for making current payments on the debt during the pendency of the case. § 1322(b)(5).

Plans which have as their sole purpose the forstalling of mortgage foreclosures on the debtors residential real property have been held to have been filed in bad faith and not confirmable. *Matter of Stein*, 36 B.R. 521, (Bkrtcy.M.D.FL 1983); *Matter of Gates*, 42 B.R. 4 (Bkrtcy. M.D.GA 1983). This Court sees no valid reason for a different rule for non-residential real property. Not all Chapter 13 plans which deal primarily with the adjustment of one or more secured debts should be considered as having been filed in bad faith. However, under the facts of this case, the Court finds that there is no legitimate purpose for the Chapter 13 other than merely to delay a single secured creditor and to make him wait for a sale to be consummated before he receives anything. Accordingly, it is

ORDERED AND ADJUDGED that the motion to dismiss be, and it is hereby granted and this Chapter 13 case be, and it is hereby dismissed.