**In re Helen E. CHURCHILL, Debtor.**

**Bankruptcy No. 92–20525.**

United States Bankruptcy Court,
D. Maine.

Feb. 3, 1993.

Stephen A. Chute, Portland, ME, for debtor.

Andrew W. Sparks, Drummond & Drummond, Portland, ME, for Money Store.

Rose L. Duggan, Law Offices of Susan J. Szwed, Portland, ME, for Chrysler First Eastern Financial Corp.

Peter C. Fessenden, Brunswick, ME, Standing Chapter 13 Trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Currently before this Court is the interim confirmation of Debtor's Chapter 13 plan, in which Debtor attempts to modify the rights of the two mortgagees, Chrysler First Eastern Financial Corp. and The Money Store, Inc., which hold security interests in Debtor's property. Both mortgagees have objected to their treatment under the proposed plan primarily on the basis that 11 U.S.C. § 1322(b)(2) prohibits the modification of their rights. The relevant statutory language is as follows: "(b) Subject to subsections (a) and (c) of this section, the plan may— ... (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ..."

Debtor concedes that these creditors hold security interests in real property which served as her principal residence at the *time of filing,* but she maintains that the property was not her principal residence at *loan origination.* Relying on *In re Hildebran,* 54 B.R. 585 (Bankr.D.Or.1985), Debtor contends that the determination of whether property constitutes a principal residence, within the meaning of § 1322(b)(2), should be made as of the time the security interest is created.

After proper notice and a hearing, this matter was taken under advisement, and thereafter each party submitted its own memorandum of law and statement of facts. While many of the facts are not in dispute, the parties have not stipulated as to the use of the property at the time of loan origination. Nonetheless, it is irrelevant to this Court's decision because, to the extent *Hildebran* stands for the proposition cited by Debtor, that analysis is rejected.

After articulating that "[t]he legislative intent behind 1322(b)(2) was to provide stability in the long term residential housing market," the *Hildebran* court reviewed the facts before it and concluded that they failed to "support a finding that [the secured creditor] is to receive the protection Congress intended for residential financing." *Id.* at 586. However, with a modicum of legislative history regarding § 1322(b)(2), most courts, including the *Hildebran* court, must hypothesize as to the true legislative purpose. *See, e.g., United*

Companies Financial Corp. v. Brantley, 6 B.R. 178, 189 (Bankr.N.D.Fla.1980). ("Although the legislative history is silent, the plain intent of the exception is to provide stability in the residential long-term home-financing industry and market."); *In re Williams*, 109 B.R. 36, 42 (Bankr. E.D.N.Y.1989) (and cases cited therein); *Cf., In re Diquinzio*, 110 B.R. 628 (Bankr. D.R.I.1990); *In re Harris*, 94 B.R. 832, 837 (D.N.J.1989).

This Court, however, believes that such speculation is unnecessary given that "the plain meaning of legislation should be conclusive ..." *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290, 299 (1989). This Court does not consider this to be a case where "'literal application of the statute will produce a result demonstrably at odds with the intentions of its drafters[,]'" particularly given the absence of substantial legislative history. *Id.*, quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

Given that the "'plain meaning' of the language is the 'primary, and ordinarily the most reliable, source of interpreting the meaning of a statute[,]'" this Court will not question the plain language used therein. *Harris, supra* at 835, quoting *Watt v. Alaska*, 451 U.S. 259, 266 n. 9, 101 S.Ct. 1673, 1678 n. 9, 68 L.Ed.2d 80 (1981). Rather, the statute will be applied as written, in the present tense. Claims secured only by a security interest in real property which *is* the debtor's principal residence, at the time of filing, may not be modified.

Consequently, interim confirmation is denied. In light of this ruling, Debtor will need to amend her Chapter 13 plan, thus obviating the need to address the additional objections raised by the mortgagees.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.