Joseph G. Albiani, Winchester, MA, for debtor.

Daniel D. Gray, M.P. Harmon, Newton, MA, for Federal Home Loan Mortg. Corp.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matters before the Court are three objections filed by Federal Home Loan Mortgage Corporation ("Federal Home") to the following pleadings filed by Jean LeBrun (the "Debtor"): 1) a Motion Under 11 U.S.C. 1322b(2) [sic] to Modify the Rights of a Holder of a Secured Claim (the "§ 1322(b)(2) motion"); 2) a Motion for Determination of Secured Status Under 11 U.S.C. 506 (the "§ 506 motion"); and 3) the Debtor's proposed Chapter 13 plan. Federal Home objects to the § 1322(b)(2) motion because it "has no evidence that the mortgaged premises has been used for investment purposes prior to the filing of the present bankruptcy petition." Federal Home objects to the § 506 motion on grounds that the value of the premises, located at 275 Summer Street, Malden, Massachusetts, upon which it holds a mortgage, is greater than the amount stated in the Debtor's § 506 motion. Finally, Federal Home objects to the Debtor's Chapter 13 plan because the plan is predicated upon the allowance of the two motions to which it objects. The Court heard the matters on July 31, 1995 and took them under advisement.

**In re Jean Robert LEBRUN d/b/a Lebrun Enterprises, Debtor.**

**Bankruptcy No. 95–13301–JNF.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 18, 1995.

### II. FACTS

The Debtor filed a voluntary petition under Chapter 13 on May 12, 1995. In his petition, he gave his address as 45 Cedar Street, Malden, Massachusetts. On Schedule

A–Real Property, he listed *one* parcel of real estate, a single family house located at 275 Summer Street, Malden. On Schedule C–Property Claimed as Exempt, he claimed a federal homestead exemption under 11 U.S.C. § 522(d)(1) in a single family house with a current market value of $119,000.00. On Schedule D–Creditors Holding Secured Claims, he listed Federal Home as having a claim in the total amount of $168,000.00 of which $119,000.00 was secured and $49,000.00 was unsecured. On Schedule I, the Debtor listed $1,500.00 per month in income from real property. In response to question 2 of the Statement of Financial Affairs, the Debtor listed income, other than from employment or operation of business, for the two years immediately preceding the commencement of the case, as follows:

| AMOUNT | | SOURCE |
|---|---|---|
| Debtors [sic] other income 1994: | $15,000.00 | renters income |
| Debtors [sic] other income 1994: | $15,000.00 | renters income |

The Debtor did not disclose his spouse's other income as he was required to do by the instructions accompanying the question. In response to question 15 regarding prior addresses of the debtor for the two years immediately preceding the commencement the case, the Debtor checked the box for NONE. Despite the representations made in the Schedules and Statement of Affairs, at the July 31, 1995 hearing, the attorney for Federal Home represented that the Debtor testified under oath at the section 341 meeting that he had vacated the house at 275 Summer Street six months prior to the filing.

### III. DISCUSSION

The legal issue for consideration is whether for purposes of section 1322(b)(2) a debtor's principal residence is determined at the time the bankruptcy petition is filed or at the time the secured loan is made. In *In re Wetherbee,* 164 B.R. 212 (Bankr.D.N.H.1994), the court, relying in part on this Court's decision in *In re Boisvert,* 156 B.R. 357 (Bankr.D.Mass.1993), determined that the status of the residence at the time of the filing rather than at the time the mortgage was granted was determinative for purposes of section 1322(b)(2). This Court agrees with the reasoning and holding of *Wetherbee.* Since it is undisputed that the Debtor no longer occupies the property located at 275 Summer Street and that property is now used to generate rental income for the Debtor, the Court overrules Federal Home's objection to the § 1322(b)(2) motion.

The Court's decision with respect to this issue does not resolve the remaining objections. The Court shall schedule an evidentiary hearing with respect to the value of the property located at 275 Summer Street. At that hearing, the Court shall also require the Debtor to submit evidence of his good faith, *see* 11 U.S.C. § 1325(a)(3), as the inconsistencies and omissions in the Debtor's Schedules and Statement of Affairs suggest to this Court that the Debtor may not be acting in good faith. For example, the claim of a $15,000.00 homestead exemption in the property located at 275 Summer Street is wholly inconsistent with the Debtor's status as a tenant at 45 Cedar Street. Similarly, the Debtor's failure to disclose his prior address suggests an ulterior motive, as does the representation that the Debtor received $15,000.00 in income from the property located at 275 Summer Street in 1994.

### IV. CONCLUSION

In accordance with the foregoing, the Court overrules Federal Home's objection to the Debtor's § 1322(b)(2) motion, and the Court continues generally the objections to the § 506 motion and the objection to confirmation. An evidentiary hearing shall be scheduled.