PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-8184
_____

D. C. Docket No. 97-00703-5-CV-1-DF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2000
THOMAS K. KAHN
CLERK

In re: TYRONE H. DICKERSON and DARLENE H. DICKERSON,

Debtor.

_____

AMERICAN GENERAL FINANCE, INC.,

Plaintiff-Appellee-Cross-Appellant,

versus

TYRONE H. DICKERSON and
DARLENE H. DICKERSON,

Defendants-Appellants-Cross-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(August 15, 2000)**

Before BIRCH, RONEY and FAY, Circuit Judges.
BIRCH, Circuit Judge:

Tyrone and Darlene Dickerson (the "Debtors") appeal the district court's judgment, which reversed the bankruptcy court's order finding that American General Finance Inc.'s ("AGF's") lien against the Debtors' principal residence was unsecured and that the Debtors' were entitled to strip AGF's lien against their residence. The bankruptcy court concluded that, because there was inadequate equity in the Debtors' residence to secure AGF's lien, AGF's claim would be considered an unsecured claim in the debtors' Chapter 13 bankruptcy proceeding.[1] The bankruptcy court further concluded that, as a wholly unsecured lien, AGF's lien was not entitled to the protection against modification afforded under 11 U.S.C. § 1322(b)(2) to the holders of claims secured solely by the debtors' principal residence. The district court reached the opposite conclusion and determined that, although AGF's lien would be treated as a wholly unsecured claim pursuant to 11 U.S.C. § 506(a), it remained entitled to the special "anti-modification" protection provided to creditors whose claims are secured only by a lien on the debtor's principal residence under § 1322(b)(2).[2]

---

[1] The bankruptcy court did not determine the actual value of the debtors' residence but, instead, determined that the highest possible value was $56,000, the highest value offered at trial. The residence was encumbered by a first mortgage held by Farmers Home Administration ("FHA") and a second mortgage held by AGF. FHA filed a proof of claim in the amount of $59,889.74, and AGF filed a proof of claim in the amount of $21,432.06.

[2] The district court noted that there had been a split among bankruptcy courts, district courts and bankruptcy scholars regarding the interpretation the Supreme Court's holding in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993), superseded in part by statute on other grounds as stated in In re Tanner, ___ F.3d ___, ___ n.5 (11th Cir. 2000), and its application to the question of whether creditors whose claims are wholly

This court's recently announced decision in <u>In re Tanner</u>, ___ F.3d ___ (11th Cir. July 13, 2000), controls the disposition of the case now before us. In <u>In re Tanner</u>, a panel of this court considered the interplay between sections 506(a) and 1322(b)(2) of the bankruptcy code and determined that creditors whose liens are wholly unsecured under § 506(a) are not entitled to the protection of § 1322(b)(2) even if their claim was secured solely by a lien on the debtors' principal residence. <u>See</u> ___ F.3d at ___. Therefore, it is now the rule within this circuit that § 1322(b)(2) of the Bankruptcy Code protects only those homestead mortgages that are secured by some existing equity in the debtor's principal residence according to § 506(a). Applying this rule, we conclude that AGF's lien against the Debtors' principal residence is unsecured and, accordingly, is not entitled to protection against modification under § 1322(b)(2). Therefore, the Debtors may strip AGF's lien against their residence.

However, were we to decide this issue on a clean slate, we would not so hold. We find persuasive the district court's reasoning that providing "anti-modification" protection to junior mortgagees where the value of the mortgaged property exceeds

---

unsecured pursuant to § 506(a) were entitled to the protection provided under § 1322(b)(2). The district court reasoned that the language of § 1322(b)(2), the Supreme Court's interpretation of § 1322(b)(2) in <u>Nobelman</u>, and the uncertainty inherent in establishing a value for a debtor's residence supported the conclusion that § 1322(b)(2) protects all claims secured only by the debtor's principal residence, even if such a claim would be considered unsecured under a § 506(a) valuation.

the senior mortgagee's claim by at least one cent, as prescribed by the Supreme Court's decision in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993), but denying that same protection to junior mortgagees who lack that penny of equity, places too much weight upon the valuation process. As we have noted "[v]aluation outside the actual market place is inherently inexact." Rushton v. Commissioner of Internal Revenue, 498 F.2d 88, 95 (5th Cir. 1974). Given the unavoidable imprecision and uncertainty of the valuation process, we think that choosing to draw a bright line at this point is akin to attempting to draw a bright line in the fog. Moreover, we believe that Congress's use of the phrase "a claim secured only by" instead of the term "secured claim" to describe those claims which could not be modified in a Chapter 13 bankruptcy plan supports the conclusion that the "anti-modification" protection of § 1322(b)(2) should extend to all claims secured solely by the debtor's principal residence, not just those junior homestead mortgages where there is sufficient equity in the subject property to support both the entire senior and part of the junior homestead mortgages. See 11 U.S.C. § 1322(b)(2); see also United States v. DBB, Inc., 180 F.3d 1277, 1281 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself.").

Nonetheless, under the prior precedent rule we must apply the rule established by this court in <u>In re Tanner</u>, ___ F.3d ___ (11th Cir. July 13, 2000) (holding that § 1322(b)(2) of the Bankruptcy Code protects only those homestead mortgages that are secured by some existing equity in the debtor's principal residence according to § 506(a)). Accordingly, we REVERSE the district court's order and REMAND for entry of judgment in favor of the Debtors.