**In the Matter of Cathy Smith JACKSON, Debtor.**

**Cathy Smith Jackson, Plaintiff**

**v.**

**United States Department of Agriculture, Rural Development, Defendant.**

Bankruptcy No. 03–53485 RFH.
Adversary No. 04–5055.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Dec. 3, 2004.

Cassandra A. Ford, Milledgeville, GA, for Plaintiff.

Bernard Snell, Macon, GA, for Defendant.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

The United States Department of Agriculture, Rural Development, Defendant, filed a motion for summary judgment on July 14, 2004. Cathy Smith Jackson, Plaintiff, filed a response on August 4, 2004. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.P 56(c). '[T]he plain language of Rule 56(c) mandates the entry of summary judgement ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir.1996). On a summary judgement motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *See Cast Steel [Products, Inc. v. Admiral Ins. Co.],* 348 F.3d [1298] at 1301 [(11th Cir.2003)]." *Midrash Sephardi, Inc. v. Town of Surfside,* 366 F.3d 1214, 1223 (11th Cir.2004), *cert filed.*

Plaintiff applied to Defendant for a loan to purchase a residence. Plaintiff submitted an Application For Rural Housing Loans which is dated January 12, 1983. In her application, Plaintiff stated that she was living with her aunt. Plaintiff also stated:

I will be the only occupant of this house.

I need a place to live and I need to borrow the amount of the home.

Defendant loaned Plaintiff the funds to purchase the residence. Plaintiff executed a promissory note and a deed to secure debt giving Defendant a lien against the residence.

Plaintiff holds record title to the residence. Plaintiff does not currently reside in the residence. Plaintiff's stepfather has resided in the residence for a number of years.

Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code on August 4, 2003. Defendant filed a proof of claim asserting a secured claim for $32,888.58. Defendant's deed to secure debt is the only lien against the residence. Defendant's claim is secured solely by the residence.

Plaintiff filed on April 9, 2004, a Complaint to Determine Extent of Secured Claim. Plaintiff asks the Court to determine the extent of Defendant's secured claim on the residence.[1] Plaintiff and Defendant agree that the value of the residence is at least $9,000. Plaintiff offers to pay Defendant the sum of $9,000 through her proposed Chapter 13 plan. Plaintiff proposes to treat the remainder of Defendant's claim as unsecured. Defendant contends that this modification of its claim is prohibited by section 1322(b)(2) of the Bankruptcy Code.

Section 1322(b)(2) provides:

---

1. Fed. R. Bank. P. 7001(2).

§ 1322. Contents of plan

(b) Subject to subsections (a) and (c) of this section, the plan may—

. . .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

11 U.S.C.A. § 1322(b)(2) (West 2004).

■ Section 1322(b)(2) protects from modification both fully secured and partially secured home mortgages. *See American General Finance, Inc. v. Dickerson,* (*In re Dickerson*), 222 F.3d 924, 926 (11th Cir.2000), *cert. denied* 532 U.S. 972, 121 S.Ct. 1604, 149 L.Ed.2d 470 (2001); *Western Interstate Bancorp v. Edwards,* (*In re Edwards*), 245 B.R. 917, 919 (Bankr. S.D.Ga.2000).

Defendant's security interest in the residence was created in 1983. The relevant part of section 1322(b)(2) has not changed since the Bankruptcy Reform Act of 1978 became effective on October 1, 1979.[2] *See Grubbs v. Houston First American Savings Assoc.,* 730 F.2d 236, 240 (5th Cir. 1984); *Foster v. Heitkamp,* (*In re Foster*), 670 F.2d 478, 482 n. 2 (5th Cir.1982).

Plaintiff cannot modify Defendant's secured claim if the claim is secured by "the debtor's principal residence." Plaintiff asserts that the residence is not her "principal residence."[3] Plaintiff, on her loan application, represented that she needed a place to live and that she would occupy the residence. The Court is persuaded that the residence was Plaintiff's principal residence when Defendant's security interest was created in 1983. The Court is persuaded that the residence was not Plaintiff's principal residence when she filed for bankruptcy relief in 2003.

Keith M. Lundin, in his treatise on Chapter 13 bankruptcy, states in part:

§ 121.2 Timing Issues: Prepetition Changes in Collateral or Use

The courts do not agree on the rules for determining whether the protection from modification in § 1322(b)(2) is available when the extent of the collateral or the debtor's use of the collateral changes between the time of the loan and the Chapter 13 petition. . . .

The words in § 1322(b)(2) are straightforward enough: the protection from modification is only available to a claim secured by a security interest in "real property that *is* the debtor's principal residence." Use of the present tense "is" suggests that the current function of the property is determinative. A majority of the reported decisions have concluded that entitlement to the protection from modification in § 1322(b)(2) is determined based on circumstances at the petition.

For example, in *In re Lebrun,* at the time of the loan, the real estate collateral was used by the debtor as a principal residence. At the date of the petition, the property was "used to generate rental income for the debtor." Applying the date of petition rule, the court concluded that § 1322(b)(2) did not protect the mortgage from modification. Similarly, in *In re Boisvert,* at the time of the loan, the creditor was secured by a

---

**2.** The 1984 Amendments to section 1322(b)(2) added "or leave unaffected the rights of the holders of any class of claims" following "unsecured claims."

**3.** Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, para. 6, Docket No. 11 (filed Aug. 4, 2004).

home mortgage and by two other parcels of real property. The creditor was protected from modification by § 1322(b)(2) because the two other properties were sold and the mortgages released prior to the petition. As explained by another court: [*In re Wetherbee,* 164 B.R. 212, 215 (Bankr.D.N.H. 1994).]

> A "claim" in bankruptcy arises at the date of the filing of the petition.... [O]nly if a claim is secured by the debtor's principal residence at the time of the
>
> bankruptcy petition is the debtor prohibited from modifying the creditor's interest under the plain language of 11 U.S.C. § 1322(b)(2).

A fair number of courts simply disagree and hold that the status of collateral at the time of the loan transaction controls whether the claim is protected from modification by § 1322(b)(2). In *In re Smart,* a single family residence that was the debtor's principal residence at the time of the original mortgage was leased to unrelated third parties at the Chapter 13 petition. Looking to the time of the loan, the court concluded the claim was protected from modification by § 1322(b)(2) based on this logic:

> [T]his Court believes that the critical phrase, *"real property that is the debtor's principal residence,"* is intended to modify its more immediate antecedent term, *"security interest"* .... [T]he subject clause is susceptible of at least two credible interpretations. First, it can be read, as the Debtors suggest, to refer to a home's status as a principal residence at the *present time....* Second, it can be read, as urged by the [mortgage holder] to refer to the home's status *at the time that the security interest was created....* Congress left an ambiguity in the statute which compels recourse to its legislative history.... [T]he legislative history of Section 1322(b)(2) indicated that favorable statutory treatment of homestead mortgagees was intended to encourage and sustain a flow of affordable capital into the home lending market.... In construing Section 1322(b)(2) so as to give maximum effect to the intentions of Congress, this Court allies itself philosophically with those Courts which approach post-*Nobleman* modification issues from the perspective of the circumstances existing at the time of the subject credit transaction, not the serendipitous or manipulated facts existing on the date of the filing of the petition.

2 Keith M. Lundin, *Chapter 13 Bankruptcy, 3D Ed.,* § 121.2 (2000 & 2004 Supp).

In *In re Howard,*[4] Judge Walker[5] stated, "The critical date for deciding whether a creditor qualifies for section 1322(b)(2) protection is the date that the petition is filed." 220 B.R. at 718.

■ The Court agrees with Judge Walker and the other courts that hold that the date the petition is filed is the critical date for deciding whether a creditor qualifies for section 1322(b)(2) protection. *See In re Leigh,* 307 B.R. 324, 331 (Bankr. D.Mass.2004); *In re Lebrun,* 185 B.R. 665, 666 (Bankr.D.Mass.1995); *In re Wetherbee,* 164 B.R. 212, 215 (Bankr.D.N.H.1994); *In re Boisvert,* 156 B.R. 357, 359 (Bankr. D.Mass.1993); *In re Churchill,* 150 B.R.

---

4.   220 B.R. 716 (Bankr.S.D.Ga.1998).

5.   Judge Walker is also a sitting judge for the United States Bankruptcy for the Middle District of Georgia.

288, 289 (Bankr.D.Me.1993); *In re Amerson*, 143 B.R. 413, 416 (Bankr.S.D.Miss. 1992).

The Court is not persuaded that the residence at issue is Plaintiff's principal residence. The Court is not persuaded that Defendant's claim is protected from modification by section 1322(b)(2). The Court is persuaded that Defendant's motion for summary judgment must be denied.

An order in accordance with this memorandum opinion shall be entered this date.