**In re: Joseph Lee JORDAN, Debtor.**

**Wells Fargo Bank, N.A., Movant,**

**v.**

**Joseph Lee Jordan, Respondent.**

**No. 04–60215 JTL.**

United States Bankruptcy Court, M.D. Georgia, Thomasville Division.

March 25, 2005.

---

6. 569 F.2d 398 (5th Cir.1978).

7. 1994 WL 692953 (Bankr.D.Minn., Dec.9, 1994).

8. 16 B.R. 771 (Bankr.W.D.Va.1982).

Jack W. Carter, Adel, GA, for Debtor.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 26, 2004 the court held a hearing on an Objection to Confirmation of Joseph Lee Jordan's (Respondent) Chapter 13 plan by Wells Fargo Bank, N.A (Movant). The court allowed the parties to continue the hearing until November 16, 2004, in order for an appraisal to be conducted. At the conclusion of the November 16th hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutory and case law, the court makes the following findings of fact and conclusions of law.

### PROCEDURAL HISTORY

The Debtor purchased land and a mobile home using a note and security deed on August 21, 2001. The Debtor used this home as his primary residence from that time until November or December of 2003. At that time, according to the testimony of the Debtor's son, the Debtor moved out of the residence and the son and his family moved in and continue to reside there.

The Debtor filed a Chapter 13 case on March 1, 2004. The plan proposes to cram down the value of this property and to pay nothing to the unsecured creditors. The Debtor's son testified that he is making payments to the Chapter 13 Trustee for the property. The payment by the son, listed as "rent" in the Debtor's schedules, is $843.30, which is the exact amount of the entire monthly Trustee payments. There is no other collateral treated under the plan besides this property.

The Movant filed an Objection to Confirmation on August 18, 2004. The hearing was held on November 16, 2004 and the court took the matter under advisement to resolve (1) whether real estate and mobile home constitute the principal residence under 11 U.S.C. § 1322(b), and (2) whether the Debtor's Chapter 13 plan is proposed in good faith.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. WHETHER THE HOME IS THE PRINCIPAL RESIDENCE

■ A plan cannot modify the rights of holders of a claim secured only by a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 1322(b)(2). The court must determine whether the mobile home and land at issue was the Debtor's principal residence under this Code provision, thus affording the Movant protection from a modification of the plan.

In the present case, the house was purchased with a Security Deed for the purpose of being the Debtor's principal residence. The Debtor did establish his residence at that property from the time of the purchase until late 2003. The Debtor filed for bankruptcy on March 1, 2004, after he had moved out and established another residence.

In order to determine whether a creditor receives protection under 11 U.S.C. § 1322(b)(2) the court must determine whether the property is the Debtor's principal residence. "The courts do not agree on the rules for determining whether the protection from modification in § 1322(b)(2) is available when the extent of the collateral or the debtor's use of the collateral changes between the time of the loan and the Chapter 13 petition." *In re Jackson*, 318 B.R. 229, 231 (Bankr.M.D.Ga. 2004).

■ In the *Jackson* case, Judge Hershner looked to the plain meaning of 11 U.S.C. § 1322(b)(2) and determined that

the protection from modification is based on the circumstances at the time of filing the petition. *Id. See also In re Churchill,* 150 B.R. 288, 289 (Bankr.D.Me.1993). While some courts have looked to the date the obligation arose, the majority of cases and the law in this district is that the "critical date for deciding whether a creditor qualifies for section 1322(b)(2) protection is the date the petition is filed." *Id.* (citing *In re Howard,* 220 B.R. 716, 718 (Bankr.S.D.Ga.1998)).

In the present case, the Debtor had moved out of the residence in late 2003. He subsequently filed his Chapter 13 case in March of 2004. The court finds the property was not the Debtor's principal residence at the time of filing. Therefore, the Movant's rights are not protected from modification under 11 U.S.C. § 1322(b)(2).

## II. WHETHER THE DEBTOR'S CHAPTER 13 PLAN IS PROPOSED IN GOOD FAITH

The court shall confirm a Chapter 13 plan if the factors listed under 11 U.S.C. § 1325(a) are met. 11 U.S.C. § 1325(a)(3) requires that the plan "has been proposed in good faith and not by any means forbidden by law." In the case of *In re Kitchens,* 702 F.2d 885 (11th Cir. 1983), the court listed some factors a court should consider to determine whether a plan was proposed in good faith. Among the factors was "the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13." *Kitchens,* at 889.

In the present case the Debtor does not currently reside on the property at issue. The Debtor's son lives on the property and does not pay rent, other than payments he makes to the Trustee against the debt on the property. The Debtor wishes to cram down the debt of this property under the plan. This property is the only collateral treated under the plan and this is a zero percent dividend plan for the unsecured creditors. It appears the sole purpose of this plan is to save this property, which is not the Debtor's residence, and cram down the debt on the property for the benefit of the non-debtor son.

The Debtor cites *In re Humphrey,* 165 B.R. 508 (Bankr.M.D.Fla.1994) to support his position that the plan was proposed in good faith. In *Humphrey,* the debtors were able to keep a non-residential, non-income producing tract of land under their plan. However, *Humphrey* represents the minority view of courts regarding disposable income. *In re Helms,* 262 B.R. 136 (Bankr.M.D.Fla.2001)("The minority view allows debtors to maintain payment of unnecessary expenses as long as they are funded through the plan and will determine whether the good faith requirements are met if an objection is raised." (citing *In re Burgos,* 248 B.R. 446, 450 (Bankr. M.D.Fla.2000))).

In *Helms,* the court rejected the minority view presented in *Humphrey.* Particularly, the court felt that the minority view attempted to "essentially rewrite the Code" and thwart congressional intent by "supplanting the expense-centered value judgment required by § 1325(b)(2) with the separate good faith standard of 11 U.S.C. § 1325(a)(3)." *Helms,* at 140.

In order for the court to confirm a Chapter 13 plan, "[d]ebtors must bring forward evidence sufficient to establish that the particularly challenged expenditure ... is reasonably necessary for their maintenance or support or for the maintenance or support of their dependents." *Id.* at 140–41. In the present case, the Debtor has failed to establish that this expenditure is necessary for his maintenance or support or that of his dependents. The property is not being used by the Debtor

for his residence, nor does it generate any income. Rather, the Debtor's non-dependent son lives there. Further, it appears the son, who is not a dependent nor a debtor, would be the only person to reap the benefits of this plan by enjoying the use of the property at a crammed down value. "If the sole purpose of a Chapter 13 plan is to restructure the claims of secured creditors in general, the plan is not serving a legitimate end." *In re Stein*, 36 B.R. 521, 523–24 (Bankr.M.D.Fla.1983) (citations omitted).

While this plan does meet the balance inquiry under the minority view for disposable income, it does not comport with the good faith requirements or the intent of the Code. It seems this plan was filed in order to save this property, which is not the Debtor's residence, and cram down the debt on the property for the benefit of the son, who is neither a debtor or a dependent. This is not a proper use of the bankruptcy laws. Therefore, the court finds that this plan was proposed in bad faith under 11 U.S.C. § 1325(a)(3) and *In re Kitchens*.

## CONCLUSION

In the present case, the property was not the Debtor's principal residence when he filed the plan. Therefore, this would not be the type of property that is protected under the anti-modification provision 11 U.S.C. § 1322(b)(2). However, the Debtor does not live on the property he proposes to cram down and it is not necessary for reorganization. Based on these circumstances, the plan was not proposed in good faith under 11 U.S.C. § 1325(a)(3). The Debtor may provide for a cure and reinstatement under 11 U.S.C. § 1322(b)(5) so that the son could continue to live on the property, but may not cram down the value under the plan.

The Court will deny confirmation and sustain the Movant's Objection. The Debtors are to file and serve a new plan in compliance with this opinion within 20 days. An order in accordance with this Memorandum Opinion will be entered.