In re Clarence Dale **HUMPHREY** and Linda Louise Humphrey, Debtors.

Bankruptcy No. 93–1406–BKC–3P3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Feb. 14, 1994.

Lance P. Cohen, Jacksonville, FL, for debtors.

H. Jack Miller, Jacksonville, FL, for trustee.

Mamie L. Davis, Jacksonville, FL, Chapter 13 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court for confirmation of a chapter 13 plan on November 9, 1993. The standing chapter 13 trustee objects to confirmation of the amended plan of August 27, 1993. Upon the evidence presented at the hearing, the Court enters these findings of fact and conclusions of law:

### Findings of Fact

Debtors filed their chapter 13 petition on March 26, 1993. Debtors' schedules show that debtors have a monthly net income of $2,312.34 and monthly expenses of $2,164.56.

Debtors filed an amended chapter 13 plan on August 27, 1993. Debtors' plan proposes to pay $1,164.00 per month for 36 months. The plan proposes to pay the regular mortgage payment plus arrearage on the first and second mortgages on debtors' home as well as the regular monthly mortgage payment on a five-acre tract of non-income producing non-residential real estate.

Over the life of the plan debtors propose to pay $4,000.00 to their unsecured creditors whose claims total $10,494.58. Over the life of the plan debtors will pay $3,756.24 on the mortgage on the non-residential property.

### Conclusions of Law

The standing chapter 13 trustee objects to debtors' retention of the non-residential property because unsecured creditors will receive 38 percent payment under debtors' plan and argues that debtors should surrender the property to provide a 74 percent payment to the unsecured creditors. The trustee argues that debtors' payment on account of the non-residential property violates the disposable income rule which requires chapter 13 debtors who are not paying 100 percent of their unsecured debt to utilize all of their disposable income to fund a chapter 13 plan. Debtors counter that the Court should not consider that portion of debtors' income earned from Mr. Humphrey's second job as disposable income, because Mr. Humphrey is working a second job to fund the plan at a greater level than he would otherwise be able and the equities favor debtors.

### § 1325(b)

Confirmation of a chapter 13 plan is governed by § 1325. The debtors have the

burden of showing the Court that their plan meets the six requirements for confirmation contained in § 1325. *In re Lindsey,* 122 B.R. 157 (Bankr.M.D.Fla.1991). Section 1325(b) requires that debtors pay either 100 percent of the unsecured claims against the estate or use all of their disposable income to fund the plan. Section 1325(b)(1)(B) sets out the disposable income test and § 1325(b)(2)(A) defines disposable income. Those sections state:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this section, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor;

11 U.S.C. § 1325(b).

■ Two lines of authority have emerged under the disposable income test. The majority of courts have held that the disposable income test requires the court assess the debt to determine whether it is reasonably necessary for the maintenance or support of debtor or debtor's dependents. *In re Jones,* 55 B.R. 462 (Bankr.D.Minn.1985). If the debt is found not necessary for maintenance or support, but is instead itself funded by disposable income, the majority of courts hold that the plan cannot be confirmed because of failure to comply with § 1325(b)(1)(B). *Id.*

The minority position holds that as long as the debtors are using all of their disposable income to fund the plan, § 1325(b)(1)(B) is satisfied and the propriety of the debt should be analyzed within the confines of the good faith standard of § 1325(a)(3). *In re Jones,* 119 B.R. 996 (Bankr.N.D.Ind.1990).

This Court finds that the minority view is the better view because it comports with the plain language of the code which only requires the debtors use all of their disposable income to fund the plan and does not refer to the type of debt that may be paid through the plan. This construction also accords with the purpose of chapter 13—to allow debtors to retain their assets while paying their creditors more than would be available in chapter 7. *In re Kitchens,* 702 F.2d 885 (11th Cir. 1983). In addition, the good faith inquiry is better suited to address the merit of a debt. The good faith inquiry requires the court to make a value judgment just as the inquiry into whether a debt is of a type that should be paid through a chapter 13 plan requires the court to make a value judgment. Thus the good faith determination is better suited to assess the propriety of a debt than is the disposable income analysis.

### Disposable Income

■ Applying the definition of disposable income to this case, the Court finds that the non-residential property cannot be considered reasonably necessary for the maintenance or support of the debtors or a dependent of the debtors. Thus the income used to pay the mortgage is disposable income. However, all that § 1325(b)(1)(B) requires is that debtors use all their disposable income to fund the plan. Debtors have complied with this requirement because the mortgage on the non-residential property is paid with disposable income through the plan. Accordingly, the trustee's objection to confirmation based on violation of the disposable income test is overruled.

### Good Faith

■ Although debtors have complied with the disposable income requirement, this does not end the inquiry into payment of the mortgage on the 5 acres through the plan because the debtors' proposal of the plan must still satisfy the good faith requirement contained in § 1325(a)(3). In conducting the good faith inquiry, the totality of the circum-

stances must be considered. *In re Jones,* 119 B.R. 996 (Bankr.N.D.Ind.1990). The court tries to determine whether there "has been an abuse of the provisions, purpose or spirit of the chapter in the proposal." *In re Kitchens,* 702 F.2d 885, 888 (11th Cir.1983). In *Kitchens,* the Eleventh Circuit approved a non-exclusive list of factors that courts should use in making the good faith determination. The factors are:

1. the amount of the debtor's income from all sources

2. the living expenses of the debtor and his dependents

3. the amount of attorney's fees

4. the probable or expected duration of the debtor's chapter 13 plan

5. the motivations of the debtor and his sincerity in seeking relief under the provisions of chapter 13

6. the debtor's degree of effort

7. the debtor's ability to earn and the likelihood of fluctuation in his earnings

8. special circumstances such as inordinate medical expense

9. the frequency with which the debtor has sought bankruptcy protection

10. the circumstances under which the debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors

11. the burden which the plan's administration would place on the trustee

12. any exceptional circumstances in the case

13. the type of debt and whether it would be nondischargeable in chapter 7

14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court

*Id.*

Applying these factors in this case, the Court holds that debtors have proposed their plan in good faith.

Debtors receive income from four sources. Mr. Humphrey receives retirement income and holds a job as a teller at a dog track and as a part-time sign painter. Mrs. Humphrey receives income from babysitting. The Court agrees with debtors' counsel that holding three jobs constitutes credible evidence of debtors' bona fides in dealing with their creditors and their sincerity in proposing repayment of their debts through a chapter 13 plan. Nor has there been any allegation of failure to deal fairly with creditors, rather the objection to confirmation is made by the trustee.

In reviewing debtors' schedules, expense statements, and income, the Court finds that the information provided is accurate and that all expenses are reasonable.

Debtors propose a 36–month plan using all their disposable income to pay creditors. While debtors could have proposed a longer plan, good faith does not require a plan of greater duration. *Id.* Nor are debtors likely to have more income in the future to pay into the plan because the bulk of debtors' income comes from Mr. Humphrey's retirement income which has been at a consistent level for the two years preceding bankruptcy and continues at that level for the first three months of 1993. This is debtors first bankruptcy case. One piece of debtors' property has been foreclosed upon, but the mortgage on the five-acre parcel is current. In addition, the treatment of the non-residential property would be the same in a chapter 7 case as in chapter 13 because the creditor is oversecured with regard to the five acres while other unsecured creditors will benefit from debtors' chapter 13 plan as is the intent behind chapter 13.

After considering the totality of the circumstances, the Court concludes that debtors have proposed their plan in good faith. Debtors have applied all their disposable income to fund their chapter 13 plan as required by § 1325(b)(1)(B) and their retention of a five-acre parcel of non-residential property does not violate the good faith standard of § 1325(a)(3).

*Conclusion*

The Court finds that debtors have complied with the requirements of § 1325. The Court will enter a separate order overruling the trustee's objection and confirming debtors' chapter 13 plan.

512

## ORDER OVERRULING OBJECTION TO CONFIRMATION

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. The Trustee's objection to confirmation is overruled.

2. The chapter 13 plan meets the requirements of § 1325 and the plan is confirmed.