**In re Herman M. WEISSER, Debtor.**

**Bankruptcy No. 95–1047–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 12, 1995.

Tyrie A. Boyer, Jacksonville, Florida, for Debtor.

Gary L. Butler, Daytona Beach, Florida, Mamie L. Davis, Jacksonville, Florida, for Trustee.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court for Confirmation of debtor's Chapter 13 plan. Top Value Automotive, Inc., an unsecured creditor, filed an objection to confirmation. The Court heard the objection and received evidence regarding confirmation at a hearing held on November 21, 1995, and the Court now enters the following findings of fact and conclusions of law:

*FINDINGS OF FACT*

1. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on March 9, 1995. The Trustee and the debtor jointly certified the case for confirmation, and a confirmation hearing was scheduled for October 24, 1995.

2. Top Value Automotive, an unsecured creditor, filed an objection to confirmation on October 23, 1995, alleging that the Schedules and Statements filed with the debtor's petition contained inaccuracies; that debtor had an interest in unlisted real estate and a "non-essential" automobile encumbered to a bank as a secured creditor; and that insufficient payments to the unsecured creditors indicated a lack of good faith.

3. Debtor is 76 years old and has many disabling ailments which require medical visits, various treatments and therapies several days each week. Debtor is on a regimen of pain alleviating prescription medication and requires a cane to be ambulatory.

4. Debtor's eight-year old automobile is essential for his movement from residence to work and to medical facilities for various appointments. The monetary value of the

automobile is approximately equivalent to the amount of the encumbering lien.

5. Debtor and his wife of 18 years live in an apartment and share their living expenses equally.

6. Debtor does not own or have any interest in any real estate. Debtor was formerly a Trustee of a land trust, but resigned from that position in June of 1991.

7. Debtor is a Certified Mortgage Consultant and earns $875 per month in that occupation. Debtor also receives $643 per month from Social Security. Debtor is only able to work 20 hours per week because of his physical condition.

## CONCLUSIONS OF LAW

Chapter 13 plans are confirmed if they meet the provisions of 11 U.S.C. § 1325. Section 1325(a) contains the basic confirmation requirements:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

\*    \*    \*    \*    \*    \*

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

11 U.S.C. § 1325(a).

If, however, the Trustee or an unsecured creditor files an objection to the plan, the plan must also meet one of the following requirements of § 1325(b):

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b).

■ Top Value Automotive has objected to confirmation. Thus, the Court must consider both sections in this case. The burden of proof is on the debtor to prove that the requirements of § 1325 are met. *In re Lindsey,* 122 B.R. 157 (Bankr.M.D.Fla.1991).

■ The Court finds that debtor's plan complies with the applicable provisions of Chapter 13 and with the other applicable provisions of this title. All required fees and charges have been paid. With respect to each allowed secured claim provided for by the plan, the holder of such claim has accepted the plan; the plan provides that the holder of such claim shall retain the lien securing such claim; and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

Although Top Value Automotive, Inc. alleges that debtor's plan was filed in bad faith, the Court finds that based on the "totality of circumstances," debtor exercised reasonable diligence in preparing his bankruptcy petition and in filing his plan. *See In re Jones,* 119 B.R. 996 (Bankr.N.D.Ind.1990) (holding that a bankruptcy court must evaluate all the relevant facts to determine whether a debtor files a plan in good faith).

The Court also finds that any inaccuracies in debtor's petition are slight and the result of debtor's unfamiliarity with the law rather than a desire to defraud creditors or to deceive the Court. The Court further finds that debtor does not own any interest in real estate. The Court concludes that debtor's automobile is essential to debtor's reorganization efforts and is necessary for the maintenance of debtor's medical appointment schedule.

■ Top Value also argues that debtor's plan only provides a four percent payout to creditors and that such a small payment is indicative of bad faith. The Court, however, finds that a small payout does not permit the presumption that the plan was filed in bad faith. *Deans v. O'Donnell (In re Deans)*, 692 F.2d 968 (4th Cir.1982). The Court concludes that debtor's plan was filed in good faith and not by any means forbidden by law.

The debtor's plan proposes to pay to the Trustee $339.69 per month to be distributed to creditors. The Court finds that based on this plan, debtor's creditors will receive as much under the plan as they would if the estate was liquidated under Chapter 7. Thus, the requirements of § 1325(a) have been met.

To confirm the plan, however, the Court must also decide whether one of the requirements of § 1325(b) have been met. The Court is satisfied that the plan payment proposed by the debtor constitutes all of debtor's disposable income. The evidence indicates that the debtor and his wife survive on a modest income. The plan payment proposed by the debtor constitutes nearly one third of debtor's monthly income. Thus, the debtor is funding the plan with all of his disposable income.

The Court finds that the debtor will be able to make all payments under the plan and will be able to comply with the plan. The Trustee has recommended confirmation of the plan. The Court finds that the requirements of § 1325 have been met and that the plan should be confirmed. By separate order, the Court will overrule Top Value Automotive, Inc.'s objection to confirmation and order the Trustee to prepare the confirmation order.