**In re Michelle Diane WILLIAMS, Debtor.**

**Bankruptcy No. 95–5559–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 23, 1996.

David Pinkston, Jacksonville, FL, for Debtor.

Eric Ruff, Gainesville, FL, for Your Campus Federal Credit Union.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Your Campus Federal Credit Union's ("Credit Union's") Objection to Confirmation of Debtor's Plan of Reorganization pursuant to 11 U.S.C. § 1325(b)(1)(B). Upon consideration of the evidence presented at the hearing held on August 13, 1996, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On November 13, 1995, Michelle Diane Williams ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On August 5, 1996, Your Campus Federal Credit Union ("Credit Union") objected to the confirmation of Debtor's Chapter 13 Plan pursuant to 11 U.S.C. § 1325(a) and (b).

3. The confirmation hearing was held on August 13, 1996. (Doc. 37). At the hearing, the Credit Union informed the Court that the basis of its objection rests solely on whether the Debtor is using all of her disposable income to fund her Chapter 13 plan pursuant to section 1325(b)(1)(B) of the Bankruptcy Code. (*Id.*).

4. Debtor is single and has no dependents. (Doc. 7). Debtor works as a program

coordinator for the Northeast Florida Aids Network. (*Id.*).

5. Debtor earns a gross monthly salary of $2,490 and net monthly salary of $2,042.04. (Doc. 14). Debtor's monthly expenditures are as follows:

| | |
|---|---|
| Rent | $375 |
| Electricity & Heating | $100 |
| Water & Sewer | $40 |
| Telephone | $150 |
| Cable T.V. | $25 |
| Home Maintenance | $75 |
| Food | $450 |
| Clothing | $100 |
| Laundry & Dry-cleaning | $50 |
| Medical & Dental | $50 |
| Transportation | $120 |
| Auto Insurance | $50 |
| Parking at Work | $10 |
| Car Maintenance | $150 |
| Unexpected Personal Expenses | $100 |
| **TOTAL MONTHLY EXPENDITURES** | **$1845** |

(Docs. 7, 14).

6. After subtracting Debtor's monthly expenditures of $1845 from her net monthly income of $2,042.04, her excess income is $197.04. Debtor's monthly plan payment is $202.35, as amended in open court.

7. The Credit Union contends that the monies Debtor proposed to spend on food, telephone, clothing, home maintenance, transportation and car maintenance are excessive. The Credit Union argued that: (1) Debtor's food expense of $450 should be reduced by $200; (2) her telephone expense of $150 should lowered by $100; her home maintenance expense of $75 can be reduced by $50; her clothing expense of $100 can be reduced by $50; and Debtor's car maintenance expense of $150 also can be reduced.

8. The Debtor, however, maintains that all her disposable income is being used to fund her plan. Debtor provided the following explanation of her monthly expenditures. She explained that the $450 monthly budgeted for food expense is necessary because her job requires that she attend many social functions and she has to pay for her food. She further stated that she spends $150 monthly on telephone charges because all her relatives live outside the state of Florida, and they cannot afford to call her.

9. She also explained that the $75 monthly expense on home maintenance is necessary because her landlord requires that she provide for lawn care. She further stated that she has budgeted $100 monthly on clothing to maintain her professional appearance. Also, $120 monthly is budgeted for gas because her employment requires her to travel frequently. Finally, she explained that $100 monthly is budgeted for unexpected items such as haircuts, toiletries, pet food, and occasional visit to the animal hospital.

10. The Credit Union requests that the Court sustain its Objection to Confirmation of Debtor's Plan for Reorganization, giving the debtor twenty (20) days to amend her plan to increase the monthly payments. The Credit Union further states that the increased payments should go toward paying more to the unsecured creditors over the life of the plan.

11. The Court finds that $450 monthly for food is excessive, and should be reduced by $100. The Court also finds that a telephone expense of $75, rather than $150, is appropriate. The Court finds all other expenses listed on Debtor's schedules are moderate and reasonable.

## CONCLUSIONS OF LAW

■ The sole issue before the Court is whether the debtor is committing all of her disposable income to fund her plan of reorganization. Section 1325(b) of the Bankruptcy Code provides, in pertinent part, that:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan— . . .

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this section, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended —

(A) for the maintenance or support of the debtor or a dependent of the debtor[.]

11 U.S.C. § 1325(b)(1)(B).

■ This Court held that the disposable income test is whether the debtor is using all

of her disposable income to fund the plan. In *In re Humphrey,* 165 B.R. 508, 510–12 (Bankr.M.D.Fla.1994). Disposable income is income that is not reasonably necessary to be expended for the maintenance and support of the debtor or dependent of the debtor. *Id.* Therefore, the critical issue here is whether debtor's proposed monthly expenditures are reasonably necessary to be expended for her maintenance and support.

In this case, the Debtor is single and has no dependents. As it now stands, she has an excess monthly income of $197.04 after all monthly expenditures. The plan payment is $202.35, as amended in open court. Therefore, based on Debtor's schedules, she is contributing more than her disposable income to the plan.

However, some of the debtor's proposed monthly expenditures are not reasonably necessary for her maintenance and support. The debtor proposed to pay approximately 25% of the total unsecured claims filed in this case. If the debtor reduces certain monthly expenditures, there would be more monies available to go to the unsecured creditors. The $450 budgeted monthly for food, and the $150 budgeted for telephone are excessive and not reasonably necessary for Debtor's maintenance and support. Debtor's food expense should be reduced by $100, and telephone expense should be reduced by $75. The reduction of these expenditures would create an addition $175 monthly available to go towards paying more to the unsecured creditors over the life of the plan. Therefore, the Credit Union's objection to confirmation of Debtor's plan of reorganization is sustained.

### CONCLUSION

In accordance with these findings of fact and conclusions of law, the Court will enter a separate order sustaining Your Campus Federal Credit Union's Objection to Confirmation of Debtor's Chapter 13 plan of reorganization pursuant to 11 U.S.C. § 1325(b)(1)(B), and allowing Debtor additional time to amend her chapter 13 plan of reorganization.