**In re Lorenzo G. PADRO and Carol L. Padro, Debtors.**

**Bankruptcy No. 99–7036–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 17, 2000.

Marsha M. Brown, Jacksonville, FL, for Mamie L. Davis, Chapter 13 trustee.

Michael S. May, Delano, Rodger J. Friedline, Jacksonville, FL, for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Chief Judge.

This case came before the Court upon a Confirmation hearing on May 25, 2000. Based upon the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Debtors filed a Chapter 13 petition on September 13, 1999. (Doc. 1.)

2. On their schedule I Debtors listed payroll deductions of $222.56 and $181.64 as repayments of loans from their 401k retirement plans. The payments are being paid outside of Debtors' Chapter 13 Plan. (Doc. 2.)

3. On February 28, 2000 Debtors filed Amended Chapter 13 plan which provided for payments over 36 months. Debtors proposed to pay $615.24 in month 1 and $749.19 in months 2–36 to unsecured claimants resulting in a payout of approximately 39% to unsecured creditors. (Doc. 27.)

4. On March 6, 2000 Mamie L. Davis, the Chapter 13 Trustee ("Trustee") objected to confirmation of Debtors' Amended Chapter 13 Plan, arguing that Debtors' repayment of loans from their retirement plans should instead be paid to the unsecured creditors. (Doc. 29.)

5. The Court scheduled a confirmation hearing on May 16, 2000 which it continued until May 25, 2000.

6. At the confirmation hearing, Debtors indicated they had erroneously listed $181.64 on their Schedule I as a loan repayment to Debtor wife's retirement plan. Debtors amended their Amended Chapter 13 Plan in open court to pay an additional $181.64 per month to unsecured creditors, increasing the pay-out to approximately 49%.

7. The unsecured creditors will be paid 61% of their claims if the $222.56 which is currently being paid to Debtor husband's retirement plan is required to be paid into the plan.

### CONCLUSIONS OF LAW

The basis of the Trustee's Objection is that Debtors are not using all of their disposable income to fund their Chapter 13 plan as required by 11 U.S.C. § 1325(b)(1).[1] The Trustee contends that

---

1. 11 U.S.C. § 1325 provides in relevant part:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date

the $222.56 monthly repayment to Debtor husband's retirement plan is not reasonably necessary for the maintenance or support of Debtors or their dependents but must instead be paid to the unsecured creditors. Debtors contend their plan should be confirmed and assert that failure to repay the loan will result in the assessment of an early withdrawal penalty and income taxes.

Two lines of authority have emerged under the disposable income test. *See In re Humphrey*, 165 B.R. 508, 510 (Bankr. M.D.Fla.1994). The majority of courts have held that the disposable income test requires a court to assess an expense to determine whether it is reasonably necessary for the maintenance or support of debtor or debtor's dependents. *See id.* If the debt is not necessary for maintenance or support but is instead funded by disposable income, the plan does not comply with § 1325(b)(1) and therefore can not be confirmed. *See id.* The minority position provides that as long as debtors are using all of their disposable income to fund a plan, the propriety of the debt should be analyzed pursuant to the good faith standard of § 1325(a)(3). *See id.* Stated another way, if debtors pay "unnecessary" expenses through the plan, the court must conduct a totality of the circumstances analysis of the plan to determine whether it was proposed in good faith.

In *Humphrey*, the trustee objected to a Chapter 13 plan that proposed to make regular monthly payments on a five acre tract of non-income producing, non-residential property. Debtors' surrender of the property would have increased the pay-out to unsecured creditors from 38% to 74%. Adopting the minority view, the court concluded that debtors were using all of their disposable income to fund the plan. Analyzing the totality of the circumstances, the court held that the plan was proposed in good faith. The court overruled the trustee's objection and confirmed the plan.

■ In the instant case, the repayment to Debtor husband's retirement plan is being made outside of the plan. Although the Court follows the minority position with respect to payments made through the plan, payments made outside of the plan require the court to analyze questioned expenses individually, essentially conducting a majority view analysis. *See In re Burgos*, 248 B.R. 446, 450 (Bankr.M.D.Fla.2000). The Court must therefore determine whether payments to Debtor husband's retirement plan are reasonably necessary for the maintenance and support of Debtors.

■ It is well settled that voluntary repayments to retirement plans are not reasonably necessary for the maintenance of debtors. *See In re Harshbarger*, 66 F.3d 775, 777 (6th Cir.1995) (stating that "[t]his [repayment of retirement plan] may represent prudent financial planning, but it is not necessary for the 'maintenance or support' of the debtors"); *In re Johnson*, 241 B.R. 394, 401–402 (Bankr.E.D.Tex.1999); *In re Gilliam*, 227 B.R. 849, 851 (Bankr. S.D.Ind.1998); *In re Delnero*, 191 B.R. 539, 544 (Bankr.N.D.N.Y.1996); *In re Scott*, 142 B.R. 126, 133 (Bankr.E.D.Va. 1992); *In re Jones*, 138 B.R. 536, 539 (Bankr.S.D.Ohio 1991). *But cf. In re Buchferer*, 216 B.R. 332, 342–343 (Bankr. E.D.N.Y.1997) (holding that repayment of retirement system's "nonrecourse secured claim" in full did not unfairly discriminate against unsecured creditors).

■ Additionally, adverse tax consequences resulting from a debtor's failure to repay a retirement fund loan do not justify the allowance such a repayment in derogation of § 1325(b). *See Johnson*, 241

that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, "disposable income" means income which is re-

ceived by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor ...

11 U.S.C. 1325(b) (West 2000).

**812**

B.R. at 401; *Scott,* 142 B.R. at 135 (recognizing debtor's failure to repay retirement fund loan would precipitate adverse tax consequences but finding that such consequences would not outweigh detriment to creditors); *Delnero,* 191 B.R. at 544.

The Court holds that the $222.56 monthly deduction for repayment of the loan to Debtor husband's retirement plan is disposable income. "To hold otherwise would convey a message to debtors contemplating bankruptcy that they may borrow against their retirement funds pre-petition and then insulate the repayment of those monies from their creditors postpetition." *Id.* at 544 (citing *Jones,* 138 B.R. at 539).

Debtors urge the Court to assess the totality of the circumstances as it did in *Humphrey.* In *Humphrey,* however, the debtors made the payments on the real property through the plan, enabling the court to conduct a totality of the circumstances, good faith analysis. *Humphrey,* 165 B.R. at 511. Debtors in the instant case propose to make the payments outside of the plan, requiring the Court to assess their reasonableness and necessity. As the payments can not withstand such scrutiny, the Court will sustain Trustee's Objection to Confirmation.

### *CONCLUSION*

Debtors' $222.56 monthly repayment of a loan from Debtor husband's 401k retirement plan is not reasonably necessary for the maintenance or support of Debtors. The Court will sustain Trustee's Objection to Confirmation and deny confirmation of Debtor's Chapter 13 plan as amended in open court unless Debtors amend their plan to increase their monthly payments by $222.56 within thirty days. A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.