**In re Jeffery Chase GOODRICH, Sr., Debtor.**

**No. 99–9180–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 13, 2000.

---

David J. Pinkston, Jacksonville, FL, for Debtor.

S. Hunter Malin, Jacksonville, FL, for Eddie Easa Farah.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a confirmation hearing on August 18, 2000. In lieu of oral argument, the Court instructed the parties to submit written memoranda. Upon the evidence presented and the submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On December 1, 1999 Debtor filed for relief under Chapter 13 of the Bankruptcy Code. (Doc. 1.)

2. On December 16, 1999 Debtor filed Chapter 13 Plan. (Doc. 10.)

3. Debtor is a self-employed real estate agent.

4. Debtor's Schedule I–Current Income of Individual Debtors-indicates total monthly income from his business of $2,830.41. (Doc. 10.)

5. Debtor's income in 1996 was $15,421.62. (Farah's Ex. 6.)

Debtor's income in 1997 was $16,615.28. (Farah's Ex. 5.)

Debtor's income in 1998 was $32,123.54. (Farah's Ex. 4.)

Debtor's income in 1999 was $15,110.75. (Farah's Ex. 3.)

6. On January 18, 2000 Eddie Easa Farah ("Farah") filed a proof of claim, which the Clerk's Office designated as Claim 5, in the amount of $159,519.60.

7. On January 26, 2000 Farah filed an objection to confirmation of Debtor's Chapter 13 plan. (Doc. 17.)

8. On May 11, 2000 Debtor filed Objection to Claim 5 of Farah. (Doc. 36.)

9. On July 21, 2000 Debtor withdrew his objection to claim 5. (Doc. 48.)

10. On August 18, 2000 the Court held a confirmation hearing. (Doc. 60.)

11. Debtor's plan, as amended in open court at the confirmation hearing, provides for sixty monthly payments of $2,083.00. During the first twelve months, Debtor's plan will pay $1,978.55 to secured creditors and $104.45 to unsecured creditors. During the final forty eight months, Debtor's plan will pay $2,078.55 to secured creditors and $4.45 to unsecured creditors.

12. Farah objects to confirmation of the plan for the following reasons: i) Debtor is not an individual with regular income; ii) Debtor's plan was not proposed in good faith; and iii) Debtor is not using all of his disposable income to fund the plan.

### CONCLUSIONS OF LAW

 Chapter 13 was intended to enable an individual with regular income to repay his debts over an extended period of time. *See Jim Walter Homes, Inc. v. Saylors (In re Saylors)*, 869 F.2d 1434, 1436 (11th Cir.1989). The advantage of Chap-

ter 13 over Chapter 7 is that the debtor can retain his property while making regular payments to his creditors, and upon successful completion of the plan, obtain a broader discharge. *See In re Wilson*, 168 B.R. 260, 262 (Bankr.N.D.Fla.1994). These differences were intended to encourage debtors to repay their debts, not avoid them through discharge. *See id.* The Chapter 13 discharge is reserved for the "honest, but unfortunate" debtor. *In re St. Laurent*, 991 F.2d 672, 680 (11th Cir. 1993). Initially, Farah argues that Debtor is not eligible to be a Chapter 13 debtor.

### I. *11 U.S.C. § 109—Individual with Regular Income*

 Farah argues that Debtor is not eligible for Chapter 13 relief because he is not an individual with regular income as required by 11 U.S.C. § 109(e).[1] Farah contends that Debtor did not have regular income on the date he filed his petition because his income is not sufficient for him to make payments under his plan. The Court has previously addressed this issue in *In re Baird*, 228 B.R. 324 (Bankr. M.D.Fla.1999). A debtor has the burden of demonstrating that he or she has regular and stable income. *See id.* at 327. Because § 109 provides no guidance as to when the regular income determination is made, courts have adopted varying dates. *See id.* at 328; *See also In re Moore*, 17 B.R. 551, 553 (Bankr.M.D.Fla.1982) (determining regular income at time most favorable to debtor). This Court has determined that it is not limited to the date of the filing of the petition to determine whether a debtor has regular income but may view the circumstances prospectively, such as at the time of confirmation. *See Baird*, 228 B.R. at 328. The real test is whether Debtor is able to make the required payments under the plan. *See id.*

---

1. Section 109(e) provides in pertinent part: "Only an individual with regular income may be a debtor under Chapter 13 of this title." 11 U.S.C. § 109(e) (West 2000). Section 101(30) defines an individual with regular income as one "whose income is suffi-

ciently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title ..." 11 U.S.C. § 101(30) (West 2000).

at 329. At the confirmation hearing Debtor was substantially current with his plan payments. The Court therefore finds that Debtor has the ability to make the payments under the plan. Accordingly, Debtor is eligible to be a debtor under Chapter 13.

## II. *11 U.S.C. § 1325(a)(3)—Good Faith*

█ A debtor bears the burden of proving that his proposed plan satisfies the requirements set forth in 11 U.S.C. § 1325(a). *See In re Humphrey*, 165 B.R. 508, 510 (Bankr.M.D.Fla.1994). Farah asserts that Debtor did not propose his plan in good faith. A court must assess the totality of the circumstances when it conducts a good faith inquiry. *See id.* at 511. The Eleventh Circuit has set forth the forth a non-exclusive list of factors that courts should use to make the good faith determination. *See Georgia R.R. Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir.1983). The factors are:

(1) the amount of the debtor's income from all sources;

(2) the living expenses of the debtor and his dependents;

(3) the amount of attorney's fees;

(4) the probable or expected duration of the debtor's Chapter 13 plan;

(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;

(6) the debtor's degree of effort;

(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;

(8) special circumstances such as inordinate medical expense;

(9) the frequency with which the debtor has sought bankruptcy protection;

(10) the circumstances under which the debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;

(11) the burden which the plan's administration would place on the trustee;

(12) any exceptional circumstances in the case;

(13) the type of debt and whether it would be nondischargeable in chapter 7; and

(14) the accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court.

*id.* at 888–89.

█ The Court finds that Debtor is sincere in seeking Chapter 13 relief. Debtor's primary reason for seeking Chapter 13 relief was to pay the approximately $19,844.57 arrearage on his home and to pay the Internal Revenue Service. Farah asserts that Debtor is not using his best efforts to fund the plan. He contends that Debtor, in an effort to avoid paying his unsecured creditors, is purposely not fulfilling his earning potential. The Court disagrees and finds that Debtor's degree of effort is sufficient to establish good faith. That the resulting payout to unsecured creditors is minimal is not, in the absence of other factors, indicative of a lack of good faith. *See In re Weisser*, 190 B.R. 453, 455 (Bankr.M.D.Fla.1995). Additionally, there is no evidence that the debt to Farah would be non-dischargeable in a Chapter 7 case. The totality of the circumstances leads the Court to conclude that the plan was proposed in good faith.

## III. *11 U.S.C. § 1325(b)—Disposable Income*

█ If the trustee or an unsecured creditor objects to confirmation, the plan must also comply with § 1325(b)(1). Section 1325(b)(1) requires that a debtor pay 100% to unsecured creditors or commit all of his disposable income to the plan for the first three years of the plan. 11 U.S.C. § 1325(b) (West 2000). Farah contends that Debtor has not proposed to use all of his disposable income to fund the plan. Farah asserts that Debtor's inability to predict how much he will earn during the next 3–5 years coupled with his ability to control his earnings makes it impossible to determine whether he is contributing all of his disposable income to the plan. It is

impossible to predict with certainty a debtor's disposable income over three years. By proposing to pay $2,083.00 per month, Debtor is projecting annual disposable income of approximately $25,000.00. Although Debtor testified that his annual income could exceed $50,000.00, in light of his income over the last five years, such a realization is unlikely.[2] The Court finds that Debtor is committing all of his disposable income to the plan.

### CONCLUSION

Debtor is an individual with regular income and is therefore eligible to be a Chapter 13 debtor. Additionally, Debtor's plan complies with the requirements of 11 U.S.C. § 1325. The Court will overrule Farah's Objection to Confirmation and will direct the Trustee to prepare an Order confirming the plan. A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.

---

**2.** Indeed Debtor's annual projected disposable income of $25,000.00 seems optimistic, but the Court is willing to give Debtor an opportunity to make a fresh start.