**In re James R. PROUT, and Linda M. Prout, Debtors.**

**No. 01–0323–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 2, 2002.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Debtors' motion for confirmation of their Third Amended Plan and the Chapter 13 Trustee's objection to confirmation of that plan. Upon a hearing and the evidence presented, the Court finds as follows:

## FINDINGS OF FACT

1. The Debtors filed their Chapter 13 bankruptcy petition on January 16, 2001.

2. At that time, the Debtors filed schedules indicating that they were paying $752.00 per month as a contribution (including a loan repayment) to Debtor husband's 401(k) plan. After filing the bankruptcy but before confirmation, the Debtors amended their schedules to reflect a decreased 401(k) contribution of $650.00 per month, based on the fact that the loan had been repaid.

3. The Trustee filed an objection to confirmation of the Chapter 13 Plan, alleging that for the Debtors failed to allocate all of their disposable monthly income to plan payments. Specifically, Trustee argued that the Debtors' 401(k) contribution is unreasonable and excessive because if Debtor husband continues to make the contribution listed throughout the term of plan, he will have applied $23,400.00 towards his retirement account while the Debtors are only paying $3,000.38, or approximately 5 % of their unsecured claims.

4. The Debtors have proposed a 36 month plan. None of the secured claims were in arrears at the time of the bankruptcy filing and the primary purpose for the Debtors filing this bankruptcy case was to alleviate the unsecured indebtedness of their credit cards.

5. Debtor husband testified that he is 56 years of age and he needs to be placing these monies towards retirement so he will be able to retire in a few years.

6. There was no testimony that Debtor husband's contributions are mandatory. According to the Schedules filed in this case, the Debtor husband had $28,500.00 in his retirement account at the time that the Debtors filed for bankruptcy.

7. According to Schedule I, the Debtors have a combined gross annual income of over $91,000.00.

## CONCLUSIONS OF LAW

The issue this Court must decide is whether non-mandatory contributions made to a retirement plan are a reasonable and necessary expense when the debtor in a Chapter 13 bankruptcy is not paying 100% of the relevant unsecured claims.

The Trustee argues in the instant case that the monthly 401(k) contribution is "excessive" and not reasonably necessary pursuant to 11 U.S.C. § 1325(b)(1)(B). The Trustee does not argue that the entire amount should be eliminated but rather that a reasonable contribution should not exceed an amount between $100.00 and $250.00 monthly. Debtors argue that the plan should be confirmed because the Trustee failed to present any evidence that the contribution was not necessary for their maintenance and support. Debtors also argue that based on Debtors' age, the percentage of Debtors' salary allocated to the contribution (10 %), and the balance in the 401(k) account, Debtors have satisfied the disposable income test.

## ANALYSIS

The Court could not locate any on point, binding authority on this issue. This Court, however, has previously determined that 401(k) loan *repayments* are an unnecessary expense and therefore a debtor repaying such a loan is not placing all of his or her disposable income toward the plan. *In re Padro*, 252 B.R. 809 (Bankr.M.D.Fla. 2000).

■ Disposable income must be applied to the Plan as required by Section 1325(b)(1)(B). Section 1325 provides:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the

confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

. . . .

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Disposable income is defined in § 1325:

(b)(2) For the purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor. . . .

■ Some Courts have held that a Debtor's voluntary payment into a pension or retirement plan is not an expenditure that is reasonably necessary for that Debtor's maintenance and support while the Chapter 13 plan is pending. *In re Cavanaugh*, 175 B.R. 369 (Bankr.D.Idaho 1994) (contributions to a 401(k) plan must be included as disposable income); *In re Feldmann*, 220 B.R. 138 (Bankr.N.D.Ga. 1998) (same); *In re Fountain*, 142 B.R. 135 (Bankr.E.D.Va.1992) (contributions to pension fund must be included in disposable income); *In re Festner*, 54 B.R. 532, 533 (Bankr.E.D.N.C.1985) (debtor is not entitled to investments which enhance his financial stability "at the expense of unpaid creditors."); *In re Tibbs*, 242 B.R. 511, 517 (Bankr.N.D.Ala.1999).

This Court agrees with these courts' analysis and finds that the Debtors' Plan does not provide that all of their disposable income will be applied to payments under the Plan. Thus, the plan cannot be confirmed.

This Court is aware that other courts have reached the opposite conclusion. For example, the Second Circuit Court of Appeals recently held that each case must be determined on its own merits regarding this issue. *In re Taylor*, 243 F.3d 124, 129 (2nd Cir.2001). Specifically, that Court stated:

Rather than adopt either strict rule, this Court opts for a more flexible solution. It is within the discretion of the bankruptcy court judge to make a decision, based on the facts of each individual case, whether or not the pension contributions qualify as a reasonably necessary expense for that debtor. If the bankruptcy judge finds that the contributions are a reasonably necessary expense for an individual debtor based on the circumstances confronting that debtor, they will not be included in the figure for disposable income, and the pension contribution will continue.

In making this determination of whether or not pension contributions are reasonably necessary for an individual debtor, the bankruptcy judge may consider any factors properly before the court, including but not limited to: the age of the debtor and the amount of time until expected retirement; the amount of the monthly contributions and the total amount of pension contributions debtor will have to buy back if the payments are discontinued; the likelihood that buy-back payments will jeopardize the debtor's fresh start; the number and nature of the debtor's dependants; evidence that the debtor will suffer adverse employment conditions if the contributions are ceased; the debtor's yearly income; the debtor's overall budget; who moved for an order to discontinue payments; and any other constraints on the debtor that make it likely that the pension contributions are reasonably necessary for that debtor. Administra-

tive inconvenience to KNCERS and NY-CHA [the debtor's pension system], however, is not to be considered. The impact on the administrator of the fund is irrelevant in determining whether or not the pension contribution is a reasonably necessary expense to an individual debtor.

*Id.* at 129–130.

This Court finds that the *Taylor* decision is distinguishable because the contributions at issue in *Taylor* were arguably mandatory.[1] To the extent that *Taylor* is not distinguishable, this Court declines to follow it.

Additionally, even if this Court were to follow the principle announced in *Taylor* and did not adopt the *per se* prohibition that it is adopting today regarding non-mandatory pension plan contributions, under the facts of this particular case, none of the proposed monthly contribution can be deemed reasonable and necessary for Debtors' maintenance and support. Examining the totality of the circumstances,[2] this Court notes that Debtor husband is 56 years of age. As of the date of filing the bankruptcy, according to Schedule B, the Debtors have contributed only $28,500.00 to their retirement accounts over a twenty year work history. The evidence further shows that if this Court confirmed the Debtors' plan, in a mere three years time (the Debtors propose a 36 month plan), Debtors will have contributed an additional $23,400.00 to Debtor husband's retirement account while only paying $3,000.38 (5%) of their unsecured claims. This Court also notes that the Debtors have at least $2,536.51 in current monthly expenses, not including the $650.00 retirement contribution, which they also argue are reasonably necessary and required for their maintenance and support as defined by 11 U.S.C. § 1325.

Given these facts, this Court cannot find that any of the proposed $650.00 contribution is reasonably necessary and required for Debtors' maintenance and support as defined by 11 U.S.C. § 1325.

This Court does not find it necessary at this time to dismiss the Debtors' case under § 1307(c), and will allow the Debtors additional time to amend the Plan to devote more of their income to Plan payments.

### *CONCLUSION*

The Trustee's objection to the confirmation of Debtors' Third Amended Chapter 13 Plan is hereby sustained. The Debtors may file a new Chapter 13 Plan within **fourteen days** of the date of this ruling. Otherwise, absent a further Order of the Court extending such deadline for cause shown, or in the event that the Debtors fail to confirm such new Chapter 13 Plan, this Chapter 13 case shall be dismissed pursuant to 11 U.S.C. § 1307(c)(5). A separate Order shall be entered.

---

**1.** In *Taylor,* the debtor's contribution was "mandated by state statutes." *Id.* at 126–27.

**2.** Some courts have held that each bankruptcy court should review, on a case by case basis, whether the monthly expenses are reasonable and necessary for the maintenance of the debtors, reviewing the contribution itself as well as the expenses as a whole, i.e. the totality of the circumstances. *In re Mills,* 246 B.R. 395 (Bankr.S.D.Cal.2000).