(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) non payment of any fees and charges required under chapter 123 of title 28;
(3) failure to file a plan timely under section 1321 of this title;
(4) failure to commence making timely payments under section 1326 of this title; ...
(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a)...[74]
Lack of good faith constitutes "cause" for dismissal under Chapter 13.[75] Good faith is the policing mechanism to assure that those who invoke the reorganization provisions of Chapter 13 do so only to accomplish the aims and objective of bankruptcy philosophy and policy.[76] To determine good faith, courts use a totality of the circumstances test, with no single factor being conclusive.[77] Both subjective and objective factors determine if a chapter 13 petition for relief has been filed in good faith or if a proposed plan is offered in good faith.[78] The standard for good faith applicable to repeat filers is similar to the standard of good faith required for confirmation,[79] which focuses on a debtor's intention to perform the obligations under the plan and not abuse the bankruptcy process.[80]
The Bankruptcy Code's legislative history shows that Congress intended debtors to achieve the goals of bankruptcy through one (1) case.[81] "The bankruptcy court must be concerned whether or not there was a strategy behind the subsequent filings to frustrate statutory requirements and abuse the bankruptcy process."[82] Thus, a determination of good faith involves weighing whether or not there has been abuse of the provisions, purpose, or spirit of chapter 13.[83] While a debtor's serial filings do *407 not necessarily constitute bad faith, a debtor's prepetition conduct, including his conduct in prior cases, is a valid consideration in determining a debtor's good faith in filing a subsequent case and confirmation of a proposed plan.[84]
Since good faith involves the assessment of a debtor's subjective intention to comply with and complete a plan, evaluating the past is also important.[85] Specific and material misrepresentations or omissions in connection with a debtor's prior case administration are relevant to a debtor's assertion of good faith in a subsequent case, as well as, his intent to comply with the terms of his plan and the requirements of the Bankruptcy Code.[86] Other factors that indicate the Debtor's intention include: the proximity of serial filings, the debts listed, the amounts paid, and the income and expenses listed in successive cases.[87] Courts have also considered the timing of the bankruptcy petition, the debtor's motive in filing the petition, the debtor's treatment of creditors, and how the debtor's actions affect creditors.[88]
For example, in Casse v. Key Bank Nat'l Ass'n (In re Casse) , the Second Circuit upheld the dismissal of a case because of the "undisputed chronology of scheduled property foreclosure sales and bankruptcy filings."[89] The Second Circuit relied on In re Felberman , which stated:
The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.[90]
The Second Circuit found the debtors acted in bad faith, concluding that serial filings, paired with the strategic timing of those filings, greatly favors a finding of bad faith.[91]
The current case provides overwhelming support that Debtor did not act in good faith when he filed his fifth Chapter 13 bankruptcy. Like the debtors in Casse , there is no other way to describe the Debtor except as a serial filer.[92] This is the fifth time Debtor has filed for Chapter 13 bankruptcy relief, in addition to his codebtor status in his wife's Chapter 7 bankruptcy. Through a review of each prior case, it is clear that the Debtor used the system to evade a foreclosure originally filed in 2002, and later refiled by Chase on May 28, 2016. According to Chase's Proof of Claim, Debtor has remained in default for over seventeen years. This alone leans heavily towards finding the Debtor acted in bad faith.[93]
*408 Debtor's conduct in previous cases confirms his disdain for the requirements of the Code. His failure to attend § 341 meetings of creditors, promptly file certificates of credit counseling and plans, make payments, and provide supporting documents for his case in a timely manner illustrate a continuing lack of commitment to rectify his financial issues. Debtor continues this familiar pattern in this case. He filed for bankruptcy without filing a credit counseling certificate. He failed to attend the first scheduled § 341 meeting of creditors. He also failed to timely file schedules, the statement of financial affairs, his six month history of payment advices, and other supporting documents. Once he did finally file his schedules, deficiencies were evident and had to be noticed for correction. His chapter 13 plan ("Plan") was filed two and a half months after employing counsel and after three (3) order to show cause hearings. Even when filed, the Plan was wholly deficient because it failed to list any debt to Chase or treatment of other class claims.[94] Debtor also failed to make any of the payments promised in that Plan.
Since Debtor has previously filed a number of Chapter 13 bankruptcy cases, he should have been aware of the basic requirements of bankruptcy filing. Despite the ultimate dismissal of each case prior to confirmation, Debtor failed to rectify his deficiencies in a following case. Instead because his series of case filings contained incomplete or missing documents, Debtor has been able to extend his time in bankruptcy while the Trustee, Court, and creditors were forced to pursue multiple motions or orders to show cause. Thus, it appears Debtor willfully and intentionally chose to disregard these requirements to postpone foreclosure on the Property. Debtor's egregious misuse and manipulation of the bankruptcy system more than adequately constitute "cause" to dismiss his Chapter 13 case.
C. Bar from Refiling
If "cause" exists, bankruptcy courts have discretion to dismiss with prejudice and bar the filing of subsequent bankruptcies.[95] "Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to § 349(a)."[96] Additionally, when "cause" exists to dismiss a bankruptcy case, the length of time a debtor is barred from refiling is a matter committed to the bankruptcy court's discretion.[97]
Furthermore, reference to § 109(g) in § 349(a) does not limit a bar on refiling for 180 days if the dismissal is "for cause." The application of § 109(g) bars a debtor from refiling for 180 days, however, "[t]he bankruptcy court's discretion under § 349(a) to bar a debtor's bankruptcy filing within a set time is not limited to the 180 day period of Code § 109(g)."[98] Although *409 the Fifth Circuit has yet to rule on the bankruptcy court's power to prohibit debtors from refiling for a period exceeding the 180-days proscribed in § 109(g), the majority of courts- including the Second Circuit, Fourth Circuit, Sixth Circuit Bankruptcy Appellate Panel, and Eighth Circuit Bankruptcy Appellate Panel- considering this issue have ruled that the bankruptcy court has the power and authority to prohibit serial filers from filing petitions beyond the scope of the 180-day period by virtue of sections 349(a) and 105(a).[99]
The Fourth Circuit, in Tomlin, after analyzing the plain language and statutory scheme of § 349, concluded:
[T]hat § 349 was never intended to limit the bankruptcy court's ability to impose a permanent bar to discharge that would have res judicata effect. Rather, the language of § 349, as amended, seems to make clear that the court has the power to order such a sanction in circumstances other than those dealt with by new § 109(g).[100]
The Fourth Circuit further explained that § 109(g) :
[W]as added to the Bankruptcy Code in 1984 to address the precise abuse of the bankruptcy system as issue here-the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure under a mortgage or other security interest.[101]
The Second Circuit in Casse followed the majority,[102] stating:
We take this opportunity to ally ourselves with the Fourth Circuit and the great majority of lower courts which derive from §§ 105(a) and 349(a) of the Code a bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days. We join those courts in concluding that § 109(g) does not impose a temporal limitation upon those other sections.... nothing in § 109(g)... prescribes limits upon the bankruptcy courts' power to dismiss bad faith filings 'for cause' under § 349(a), or their power to protect against abuses of the bankruptcy process by resort to § 105(a), the Code's counterpart to the All Writ Statute. On the contrary: these several provisions complement each other in arming the bankruptcy courts with a variety of weapons for use in controlling serial filers, a species not likely to become endangered in the foreseeable future.
*410 In contrast, a minority of courts have ruled that § 109(g) limits the bankruptcy court's power to bar refiling to a maximum of 180 days.[103] In In re Frieouf , the Tenth Circuit held that because § 109(g) is the only Code section that bars a debtor from filing a new case, it also sets the outer limit on the length of time a new case may be barred (i.e. 180 days).[104] Thus, under the bankruptcy court's § 105 powers, dismissal with a bar from future filings is adequate when a debtor frequently files bankruptcy petitions.[105]
This Court agrees with the majority of courts to address the issue, holding that either or both sections 105(a) and 349(a) provide bankruptcy courts with the power to sanction bad faith serial filers by forbidding further bankruptcy filings for longer than 180-day periods (the time period specified by § 109(g) ).[106] Bankruptcy Rule 9011 supports this reading because it mandates that sanctions be issued upon a determination that a debtor's successive filings were not made in good faith.[107]
Debtor contends that evidence of willfulness must be provided, not merely that the dismissal was for cause. In making his argument Debtor relief on In re Bradley , however, this case differs from Bradley.[108] The bankruptcy case in Bradley was dismissed pursuant to § 109(g), which specifically uses the words "willful failure of the debtor to abide by orders." In contrast, this case was dismissed pursuant to sections 521(i)(1), 349(a), 1307, and 105(a), none of which contain an express requirement of willfulness like *411 § 109(g). Regardless, a review of Debtor's past filings provides evidence to prove that Debtor's failures were intentional and willful.
III. Conclusion:
In summary, Debtor has asserted no valid reason for this Court to reconsider its Judgment. It has offered no evidence not previously available at trial, pointed to no new law, nor has it made any attempt to clearly establish that this Court's decision constitutes either a manifest error of law or fact. Not only does the record adequately support the dismissal "for cause," but it also portrays a blatant misuse of the bankruptcy system that cannot be tolerated. Accordingly, a five (5) year bar from filing any bankruptcy is a fair sanction. Therefore, Debtor's Motion for New Trial and/or to Reconsider Dismissal of the Case is DENIED.
An Order in accord with these Reasons will be entered separately.

11 U.S.C. § 1307 (emphasis supplied).

In re Love , 957 F.2d 1350, 1354 (7th Cir. 1992).

In re Worthy , 2010 WL 1994851, at *3 (Bankr. E.D. La. May 18, 2010) (citing In re Chase , 43 B.R. 739 (D.C. Md. 1984) ).

Love , 957 F.2d at 1355 ; In re Chaffin , 836 F.2d 215, 217 (5th Cir. 1988) ; In re Marino , 2010 WL 519772, at *3 (Bankr. S.D. Tex. Feb. 9, 2010) ; In re MBM Entertainment, LLC , 531 B.R. 363, 408 (Bankr. S.D.N.Y. 2015).

Worthy , 2010 WL 1994851, at *3.

Id. (citing In re Tomasini , 339 B.R. 773 (D. Utah 2006) ).

Id. (citing 11 U.S.C. § 1129(a)(3) ).

In re Utne , 146 B.R. 242, 248 (Bankr. D.S.D. 1992).

Id. (quoting Schuldies v. United States (In re Schuldies ), 122 B.R. 100, 102 (D.S.D. 1990) ); Stathatos , 163 B.R. at 88.

Id. (citing In re Humphrey , 165 B.R. 508 (Bankr. M.D.Fla. 1994) ).

Id. (citing In re Tucker , 989 F.2d 328 (9th Cir. 1993) ); see also In re Chisum , 847 F.2d 597, 600 (9th Cir. 1988) ("Though multiple filings are not per se illegal, see Matter of Metz , 820 F.2d 1495, 1497 (9th Cir. 1987), '[a] debtor's history of filings and dismissals is relevant in determining whether a plan has been proposed in good faith.' "); Stathatos v. U.S. Trustee (In re Stathatos) , 163 B.R. 83, 88 (N.D. Tex. 1993) ("Although there is no per se rule against successive bankruptcy filing, such filing may be evidence of bad faith.").

Worthy , 2010 WL 1994851, at *3.

Id. at *4.

Id. (citing In re Harlan , 179 B.R. 133 (Bankr. W.D. Ark. 1995) ).

Love , 957 F.2d at 1357.

198 F.3d 327, 332-33 (2d Cir. 1999).

Id. at 332 (quoting In re Felberman , 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) ).

Id.

Casse , 198 F.3d at 332.

In re Felberman , 196 B.R. at 681 ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.") (citations and internal quotation marks omitted).

P-56.

11 U.S.C. § 349(a) ; Casse , 198 F.3d at 335 ; In re Jolly , 143 B.R. 383, 387 (E.D. Va. 1992).

Casse , 198 F.3d at 335 (quoting In re Martin-Trigona , 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1993) ).

11 U.S.C. §§ 105(a), 349(a) ; In re Craighead , 377 B.R. 648, 656 (Bankr. N.D. Cal. 2007).

In re Stockwell , 579 B.R. 367, 373 (Bankr. E.D. N.C. 2017) (quoting In re Weaver , 222 B.R. 521, 523 n.1 (Bankr. E.D. Va. 1998) ; see also In re Robertson , 206 B.R. 826, 830-31 (Bankr. E.D. Va. 1996) ; Lerch v. Fed. Land Bank of St. Louis , 94 B.R. 998, 1001 (N.D. Ill. 1989) ("When the court has found cause for a dismissal with prejudice, the mandate of Section 109(g) is not applicable-at least to the extent that it merely provides a minimum amount of time before a case may be refiled, not a maximum period of time for which the bankruptcy court may dismiss a case with prejudice when there is dismissal for cause.").

See Casse v. Key Bank Nat'l Ass'n (In re Casse) , 198 F.3d 327, 334-42 (2d Cir. 1999) ; Colonial Auto Center v. Tomlin (In re Tomlin) , 105 F.3d 933 (4th Cir. 1997) ; Marshall v. McCarty (In re Marshall) , 407 B.R. 359, 363 (8th Cir. BAP 2009) (" 'Bankruptcy courts invariably derive from § 105(a) and § 349(a) of the Code ... the power to sanction bad-faith serial filers ... by prohibiting further bankruptcy filing for [over] 180 days.' "); Cusano v. Klein (In re Cusano) , 431 B.R. 726, 737 (6th Cir. BAP 2010) (explaining that "[s]ection 109(g) is not ... a limitation on the bankruptcy court's authority to impose sanctions fashioned to prevent abuse of the bankruptcy system," and holding that debtor was barred from refiling for two years).

Tomlin , 105 F.3d at 938 (citations and internal quotation marks omitted).

Id. at 937.

In re Casse , 198 F.3d 327, 337-38 (2d Cir. 1999) (listing a number of cases that illustrate this reading of the Code).

See, e.g. , Frieouf v. United States (In re Frieouf) , 938 F.2d 1099 (10th Cir. 1991).

Id. at 1103 n.4 ("The broad equitable powers that bankruptcy courts have under section 105(a) may not be exercise in a manner that is inconsistent with the other, more specific provisions of the Code. Consequently, the bankruptcy court's three-year prohibition against filing a bankruptcy case, which plainly contradicts the 180-day limitation under section 109(g), cannot be sustained under section 105(a)") (citations and internal quotation marks omitted).

See e.g. , In re Armwood , 175 B.R. 779 (Bankr. N.D. Ga. 1994) (180 day bar on filing when Debtor's fifth chapter 13 petition was dismissed with prejudice); In re Gros , 173 B.R. 774 (Bankr. M.D. Fla. 1994) (holding that a Debtor's fifth bankruptcy filing in 25 months could be dismissed with prejudice with a bar from filing in the future without leave of the court); Stathatos , 163 B.R. at 88 (holding that § 105 gave the bankruptcy court the authority to dismiss debtor's fourth chapter 13 case with a 180 day bar on future filing); Jolly , 143 B.R. at 387 (dismissing with prejudice Debtor's seventh bankruptcy case with a 180 day bar on filing).

Casse , 198 F.3d at 339-40 (Second Circuit) ; Tomlin , 105 F.3d at 938 (Fourth Circuit) ; Cusano , 431 B.R. at 737 (Sixth Circuit Bankruptcy Appellate Panel); Marshall , 407 B.R. at 363 (Eighth Circuit Bankruptcy Appellate Panel); In re Joobeen , 385 B.R. 599 (E.D. Pa. 2008), supplemented, 2008 WL 2116958 (E.D. Pa. 2008) ; In re Mehlhose , 469 B.R. 694, 711 (Bankr. E.D. Mich. 2012) (Dismissed case for Debtor's bad faith and barred refiling for two years.); In re Carter , 312 B.R. 356, 367-68 (Bankr. N.D. Ill. 2004) (Court admitted that it could bar refiling for more than 180 days, but held that Debtor did warrant that sanction because she had not engaged in recent serial Chapter 13 filings and she had been making her monthly payments.); In re Jones , 289 B.R. 436, 440-41 (Bankr. M.D. Ala. 2003).

The "(b)... petition ... [ ] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; ... (c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision(b) as been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision(b) or are responsible for the violation." F.R.B.P. 9011(b)-(c).

In re Bradley , 152 B.R. 74, 76 (E.D. La. 1993).